I complete the quotation from 32 Corpus Juris, pp. 276-279, verbo "Injunctions," §§ 438-442, as follows:
For the asterisks which follow the words, "it is not the intention of the law that constitutional provisions shall be evaded by substituting a civil for a criminal proceeding, or a single judge for a jury" (found in section 438) supply:
 "The mere fact that the officers charged with the duty of enforcing the provisions of the criminal law neglect or refuse to perform their duty in this regard is no reason for the interference of a court of equity."
After the words, "Nor is it a ground for equitable interference by injunction that the punishment for the crime is inadequate" (concluding section 438), supply the whole of section 439, as follows:
 "Applications of General Rule. — In applying the general rule above stated courts have refused to grant injunctions to restrain the erection or location of wooden buildings within the fire limits of a municipality; to restrain the erection of a livery stable in a city; to restrain the maintenance of a slaughterhouse on a stream flowing through a city; to restrain the permitting stock and cattle to run at large within the city limits; to restrain the transaction of banking business in contravention of law; to restrain a violation of city ordinances, where the acts complained of do not amount to such a nuisance as equity would restrain; to restrain the violation of civil rights statutes which provide both a civil and criminal remedy for their violation; to restrain the violation of liquor laws; to restrain the violation of a statute declaring that navigable waters belong to the people as a common for fowling; to restrain the violation of a statute requiring the manufacturer and seller of an article of food and drink to furnish samples of the article manufactured or sold for analysis; and to restrain the violation *Page 37 
of Sunday laws. It has also been held that injunction will not lie to restrain the keeping of a gambling house, a bucket shop, or a bawdyhouse, no special injury to plaintiff's property rights being shown; nor to restrain gambling on public fair grounds, or the maintenance of a race track and pool room, nor to prevent a prize fight; or the carrying on of the business of knowingly purchasing stolen ores from plaintiff's employees, although there is authority directly to the contrary of this last proposition."
And after the words, "The remedy given is purely preventive; the defendant is not punished for what he has done; this is left to the criminal courts" (which conclude section 440, showing theExceptions to the General Rule), supply the whole of section 441,
as follows:
 "Applications of Rule (to wit: Where injunction is necessary for protection of civil or property rights): Applying the rule above stated, injunctions have been issued to prevent acts in furtherance of a strike which caused great private injury; to prevent the giving or receiving of rebates; to prevent the interference with church property; to prevent the maintenance of a bawdyhouse adjoining complainant's premises and interfering with the use and enjoyment of the latter; to prevent the maintenance of a conspiracy to commit fraudulent acts which will result in the perversion of an election; to prevent the running of a corner on the board of trade by which an exorbitant and fictitious price is fixed on grain, which acts will result in depriving another of his property; to prevent the serving of liquor by a lodge to its members in violation of an ordinance; the use of force and violence to prevent complainant from working land where the result would be that if the land were not planted at that time, no crop could be raised thereon during the season; the violation of a fire limits ordinance where the building within the prohibition of the ordinance is to be located dangerously near plaintiff's house."
 I.
Of course, an examination of the authorities upon which this lengthy text is based is entirely out of the question; but, even as ex pede Herculem etc., so, also, we may judge of the nature of the cases on which both general rule and exceptions are founded, by their titles as found in the citations and notes to the text. *Page 38 
Thus we find that practically every case in which the generalrule was laid down was one in which a state, or a municipality, or some governmental agency, was a party; and, by the same token, practically every case in which an exception was laid down, was one in which private litigants alone were concerned, and propertyrights involved.
From which conclude that In re Debs, 158 U.S. 564, 15 S. Ct. 900, 39 L. Ed. 1092, stands practically alone as an instance of a government calling upon a court of equity to suppress crime or alleged crime, and being sustained therein.
I have no fault to find with that case, as far as it holds that the government had a property (business) interest in the mails, which it could protect by injunction. Nor do I mean to intimate that to resort to an equity court for an injunction to protectproperty rights, whether by a government or by a private litigant, can, in any sense, be termed "government by injunction." All that is perfectly proper. But I have this to say about the part thereof last quoted in the majority opinion (which seems also somewhat obiter dictum); and it is that, if the executive department of the government can, without property interests to protect, and merely to "provide for the general welfare," substitute an injunction for a penal statute, then we have truly "government by injunction" in the fullest sense, which, if tolerated, would soon dispense with the necessity for a legislative department, and wipe away entirely those constitutional guarantees intended for the protection of individual liberty.
In the case at bar there is no pretense that the city has any property rights to protect, or any interest or purpose whatever, other than to enforce a penal ordinance through the civil courts, instead of through the tribunals constituted for that special purpose.
I therefore dissent. *Page 39